**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KENNETH N. PLADSEN, JR.** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-323S** |
| | : | |
| **DIRECTOR A.T. WALL;** | : | |
| **WARDEN JAMES WEEDEN;** | : | |
| **DEPUTY WARDEN , D. COLLINS;** | : | |
| **JOSEPH DINITTO; JAKE GADSEN;** | : | |
| **LIEUTENANT GALLIGAN;** | : | |
| **ROBERT HOLLAND;** | : | |
| **CORRECTIONAL OFFICER PIZZO;** | : | |
| **K-9 CORRECTIONAL OFFICER JOHN DOE;** | : | |
| **FREDRIC FRIEDMAN;** | : | |
| **DR. M. POSHKUS; DR. M. BAUERMEISTER;** | : | |
| **DR. LOWELL McROBERTS;** | : | |
| **NANCY HILL, R.N.; PAULINE MARCUSSEN** | : | |

**ANSWER OF DEFENDANT, DR. M. POSHKUS**
**TO PLAINTIFF'S COMPLAINT**

Now comes defendant Dr. M. Poshkus [hereinafter sometimes referred to as "this defendant"] and hereby answers the plaintiff's Complaint as follows:

**FIRST DEFENSE**
**Complaint**

1. This defendant specifically denies the allegations contained in paragraph one of that portion of the plaintiff's Complaint.

**SECOND DEFENSE**
**Jurisdiction**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 3, 4 or 5 of that portion of the plaintiff's Complaint entitled "Jurisdiction" and, therefore, leaves the plaintiff to his proof thereof.

**THIRD DEFENSE**
**Venue**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of that portion of the plaintiff's Complaint entitled "Venue" and, therefore, leaves the plaintiff to his proof thereof.

**FOURTH DEFENSE**
**Parties**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of that portion of the plaintiff's Complaint entitled "Parties" and, therefore, leaves the plaintiff to his proof thereof.

2. This defendant makes no response to any of the allegations contained in paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21 or 22 of that portion of the plaintiff's Complaint entitled "Parties" inasmuch as said paragraphs are not directed to him; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

3. This defendant specifically denies the allegations contained in paragraph 18 of that portion of the plaintiff's Complaint entitled "Parties".

**FIFTH DEFENSE**
**Statement of Facts**

1. This defendant makes no response to any of the allegations contained in paragraphs 23, 24, 25, 27, 28, 29, 32, 33, 35 or 37 of that portion of the plaintiff's Complaint entitled "Statement of Facts" inasmuch as said paragraphs are not directed to him; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

2. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 26, 30, 31, 34, or 36 of that portion of the plaintiff's Complaint entitled "Statement of Facts" and, therefore, leaves the plaintiff to his proof thereof.

**SIXTH DEFENSE**
**H.S.C. Conditions of Confinement**

1. This defendant makes no response to any of the allegations contained in paragraphs 38, 39, 40, 41, 42, 43, 44 or 45 of that portion of the plaintiff's Complaint entitled "H.S.C. Conditions of Confinement" inasmuch as said paragraphs are not directed to him; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**SEVENTH DEFENSE**
**General Factual Allegations**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 46 or 50 of that portion of the plaintiff's Complaint entitled "General Factual Allegations" and, therefore, leaves the plaintiff to his proof thereof.

2. This defendant specifically denies the allegations contained in paragraphs 47, 48 and 49 of that portion of the plaintiff's Complaint entitled "General Factual Allegations".

**EIGHTH DEFENSE**
**Causes of Action**

1. This defendant specifically denies the allegations contained in paragraph 51 of that portion of the plaintiff's Complaint entitled "Causes of Action".

**NINTH DEFENSE**
**Prayer for Relief**

1. This defendant specifically denies that the plaintiff is entitled to any of the relief sought in subparagraphs 1, 2, 3, 4 or 5 of that portion of the plaintiff's Complaint entitled "Prayer for Relief".

**TENTH DEFENSE**

This defendant specifically denies any and all remaining and heretofore unanswered allegations contained in the plaintiff's Complaint.

**ELEVENTH DEFENSE**

This defendant expressly denies that the plaintiff is entitled to judgment against him for any reason or cause.

**TWELFTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts that the plaintiff may have been guilty of conduct that caused and/or contributed to the injuries and/or damages complained of, and this defendant asserts all applicable defenses relating to comparative negligence and contributory negligence.

**THIRTEENTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts all applicable defenses relating to assumption of the risk.

**FOURTEENTH DEFENSE**

In the event the plaintiff suffered injuries or damages as a result of the incidents complained of in his Complaint, which allegations are specifically denied by this defendant, then this defendant avers that such injuries or damages were not caused, directly or indirectly, by any acts or omissions of this defendant, but such injuries or damages, if any, were caused by the intervening acts or omissions of persons and/or entities other than this defendant for which acts or omissions this defendant is not liable

**FIFTEENTH DEFENSE**

This defendant specifically denies that he is guilty of negligence.

**SIXTEENTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable defenses relating to or in connection with the plaintiff's failure to state a claim upon which relief may be granted.

**SEVENTEENTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable defenses relating to or in connection with lack of personal jurisdiction

**EIGHTEENTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable defenses relating to or in connection with improper service of process.

**NINETEENTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with the Statute of Limitations

**TWENTIETH DEFENSE**

This defendant reserves the right to supplement or amend his Answer to plaintiff's Complaint by adding further affirmative or other defenses as facts become known or discovered during the course of pre-trial discovery.

**TWENTY-FIRST DEFENSE**

Without in any way assuming the burden of proof by so doing, this defendant asserts that the plaintiff's Complaint fails to state a claim against which relief may be granted as against this defendant.

WHEREFORE, defendant Dr. M. Poshkus respectfully prays that the plaintiff be awarded no relief by and through the above-captioned action, that this Honorable Court grant judgment in favor of this defendant and against the plaintiff, and that this defendant be awarded all reasonable attorneys fees and costs incurred in the defense of the above-entitled action.

Defendant, Dr. M. Poshkus,
By his attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

**JURY DEMAND**

Defendant Dr. M. Poshkus hereby claims a trial by jury and designates Jay M. Elias, Esquire as trial counsel.

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 10th day of October, 2007, to the following:

***Legal Mail/Confidential***
Mr. Kenneth N. Pladsen, Jr.
#131420
2749 Elson Green Avenue
Virginia Beach, VA 23456

/s/ Jay M. Elias

I hereby certify that on this 10th day of October, 2007 the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
Department of Corrections
40 Howard Avenue
Cranston, RI 02920

/s/ Jay M. Elias

*Answer to Complaint*