**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KENNETH N. PLADSEN, JR.** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-323S** |
| | : | |
| **DIRECTOR A.T. WALL;** | : | |
| **WARDEN JAMES WEEDEN;** | : | |
| **DEPUTY WARDEN , D. COLLINS;** | : | |
| **JOSEPH DINITTO; JAKE GADSEN;** | : | |
| **LIEUTENANT GALLIGAN;** | : | |
| **ROBERT HOLLAND;** | : | |
| **CORRECTIONAL OFFICER PIZZO;** | : | |
| **K-9 CORRECTIONAL OFFICER JOHN DOE;** | : | |
| **FREDRIC FRIEDMAN;** | : | |
| **DR. M. POSHKUS; DR. M. BAUERMEISTER;** | : | |
| **DR. LOWELL McROBERTS;** | : | |
| **NANCY HILL, R.N.; PAULINE MARCUSSEN** | : | |

**DEFENDANT DR. M. POSHKUS'**
**MOTION FOR SUMMARY JUDGMENT**

Now comes defendant Dr. M. Poshkus and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves this Honorable Court for entry of Summary Judgment in his favor. This defendant submits the attached Memorandum of Law and accompanying exhibits, as well as a Statement of Undisputed Facts, in support of this Motion.

Defendant, Dr. M. Poshkus
By his attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 12th day of May, 2008, to the following:

***Legal Mail/Confidential***
Mr. Kenneth N. Pladsen, Jr., #1114353
I.M.C.C.
P. O. Box A
Oakdale, IA 52319

***Legal Mail/Confidential***
Mr. Kenneth N. Pladsen, Jr., #131420
2749 Elson Green Avenue
Virginia Beach, VA 23456

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)

I hereby certify that on this 12th day of May, 2008 the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
Department of Corrections
40 Howard Avenue
Cranston, RI 02920

Thomas A. Palombo, Esquire
Attorney General's Office
150 South Main Street
Providence, RI 02903

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)

*MotionForSummaryJudgment.05.09.08.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KENNETH N. PLADSEN, JR. | : | |
| | : | |
| v. | : | C.A. No. 07-323S |
| | : | |
| DIRECTOR A.T. WALL; | : | |
| WARDEN JAMES WEEDEN; | : | |
| DEPUTY WARDEN , D. COLLINS; | : | |
| JOSEPH DINITTO; JAKE GADSEN; | : | |
| LIEUTENANT GALLIGAN; | : | |
| ROBERT HOLLAND; | : | |
| CORRECTIONAL OFFICER PIZZO; | : | |
| K-9 CORRECTIONAL OFFICER JOHN DOE; | : | |
| FREDRIC FRIEDMAN; | : | |
| DR. M. POSHKUS; DR. M. BAUERMEISTER; | : | |
| DR. LOWELL McROBERTS; | : | |
| NANCY HILL, R.N.; PAULINE MARCUSSEN | : | |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DR. M. POSHKUS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This Memorandum of Law is submitted in support of defendant Dr. M. Poshkus' Motion for Summary Judgment. The Motion for Summary Judgment is filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is based on the undisputed fact that the plaintiff Kenneth M. Pladsen, Jr. (the "Plaintiff") has failed to disclose any expert witnesses required to prove and support his claims in this matter. Further, this defendant submits that Plaintiff has failed to set forth any facts through the discovery process, which could support a finding in Plaintiff's favor at trial regarding the allegations set forth in the Complaint. Therefore, this defendant respectfully requests that this Honorable Court grant summary judgment in his favor.

## II. CASE BACKGROUND

Dr. Poshkus presently serves as the Medical Program Director at the Rhode Island Department of Corrections ("RIDOC") and the Adult Correctional Institution ("ACI") in Cranston, Rhode Island. *Pro se* plaintiff, Kenneth M. Pladsen, Jr., brought the instant lawsuit against several individuals associated with the RIDOC and the ACI. The Plaintiff has alleged, among other things, violations of the Americans with Disabilities Act, violations of Title 42 U.S.C Section 1983, violations of the Eighth and Fourteenth Amendments to the United States Constitution, and negligence. *See Exhibit A, Plaintiff's Complaint.* In particular, Plaintiff has alleged that, following his transfer from the Connecticut Department of Corrections to RIDOC, the medications which he had been taking were discontinued. *Id.* The Plaintiff maintains that five days passed during which he did not receive any medications, mental health treatment, or monitoring and, he claims that as a result, he engaged in self-mutilation. *Id.* The Plaintiff has alleged that thereafter he still did not receive medication, including pain medication or antibiotics, or a psychological evaluation. *Id.* Essentially, Plaintiff asserts that the care and treatment he was provided at the ACI was in violation of the Eighth Amendment to the U.S. Constitution and constituted deliberate indifference to his mental health needs. *Id.*

In accordance with Local Rule 56(a)(1) and (2) of the United States District Court of Rhode Island, this defendant has submitted a Statement of Undisputed Facts, which is incorporated herein by reference.

## III. STANDARD OF REVIEW

Summary Judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). According to Fed. R. Civ. P. 56(e):

> [W]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . .

Rather, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514 (1986). [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Id. at 250, 106 S.Ct. at 2511. Accordingly, [i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (*quoting* Anderson *477* U.S. at 249-50 (1986)).

It is also noted that due to the fact that the Plaintiff has failed to respond to any of this defendant's discovery requests, in violation of multiple Orders entered by this Court, including the Pre-Trial Order, this defendant has filed a Motion to Dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure.

## IV. ARGUMENT AND ANALYSIS

While Plaintiff does not set forth separate counts in his Complaint, various allegations are included throughout the Complaint. As stated above, these include alleged violations of the Americans with Disabilities Act, Title 42 U.S.C Section 1983, the Eighth and Fourteenth Amendments to the United States Constitution, as well as torts of assault, battery and negligence. Though a specific claim against Dr. Poshkus is not included, it appears that Plaintiff is alleging that this defendant was both negligent and acting in violation his Eighth Amendment rights, by

providing inadequate medical care. Thus, an analysis of both the constitutional and medical negligence issues is set forth below.

### A. DEFENDANT DR. M. POSHKUS IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S EIGHTH AMENDMENT CLAIMS

Plaintiff Kenneth Pladsen's pleadings allege inadequate medical care, *to wit*, the alleged failure to prescribe certain medications and to properly monitor the Plaintiff's mental health needs. Plaintiff contends that these alleged acts or omissions also constituted cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution.

When an inmate complains of inadequate medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976). It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment. *Id.* Further, officials must intentionally delay or completely deny access to medical care. *Id.* Deliberate indifference to an inmate's medical needs requires a two part inquiry. First, the court must ask whether the inmate's medical needs are objectively serious (objective prong). Second, the court must ask whether the defendants had the necessary intent, akin to criminal recklessness (subjective prong). Only when both prongs are met, can a defendant be held accountable for an Eighth Amendment violation.

Deliberate indifference to the medical needs of an inmate amounts to an Eighth Amendment violation only when the needs of the inmate are serious. Hudson v. McMillian, 503 U.S. 1, 9, 117 L. Ed. 2d 156, 112 S. Ct. 995 (1992). A serious medical need is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Mahan v. Plymouth County House

of Corrections, 64 F.3d 14 (1st Cir 1995). Further, deliberate indifference requires a state of mind akin to criminal recklessness; that the official knew of and consciously disregarded a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 837, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). This defendant submits that, for the reasons stated below, Plaintiff's claims under the Eighth Amendment must fail.

Plaintiff has offered absolutely no evidence to support the allegations contained in the Complaint. In fact, the Plaintiff has failed to offer *any* evidence in connection with this matter. As detailed in the Statement of Undisputed Facts, the Plaintiff has failed to respond to any of this defendant's discovery requests, including Interrogatories, Requests for Production, and Requests for Admissions. Plaintiff has also failed to respond to any of the discovery requests propounded by any of the co-defendants in this matter. The Plaintiff has produced no evidence to substantiate his claims.

Even if this Court were to *assume* that the medical decisions of any of the health care providers that treated the Plaintiff, while he was confined at the ACI, amounted to cruel and unusual punishment or deliberate indifference, Plaintiff must still meet both prongs of the Eighth Amendment's deliberate indifference test. Plaintiff must offer evidence that this defendant consciously disregarded a substantial risk of serious harm to the Plaintiff's health, in allowing the alleged delay pertaining to medication and mental health treatment. The Plaintiff has clearly failed to offer any evidence.[1] Even if this Court were to assume that a serious medical need was present, in addition to satisfying the *objective* prong, Plaintiff must also set forth evidence that

---

[1] [A]n inmate who complains that delay in medical treatment rose to a constitutional violation *must* place verifying medical evidence in the record to establish the *detrimental effect* of the delay . . . Napier v. Madison County, Kentucky, 238 F.3d. 739, 742 (6th Cir. 2001)(emphasis added). See also Mill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1188 (11th Cir.1994).

demonstrates the *subjective* prong; that is, this defendant knew of and consciously disregarded a substantial risk of serious harm. *Farmer*, 511 U.S. at 837. No such evidence has been offered.

Because the Plaintiff has provided no evidence to substantiate the allegations made in the Complaint (which allegations are essential to his claims of both a failure to provide proper care and treatment and his claims of cruel and unusual punishment), this defendant requests a grant of Summary Judgment in his favor.

### B. DEFENDANT DR. M. POSHKUS IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S MEDICAL NEGLIGENCE CLAIMS

In the Complaint, the Plaintiff has alleged not only violations of the Eighth Amendment, but also negligence. A review of Plaintiff's Complaint reveals that the factual allegations giving rise to this lawsuit are based on Mr. Pladsen's belief that he was not provided with appropriate mental health care or screening, or the appropriate medications. This defendant submits that the plaintiff's allegations clearly sound in medical negligence.

To establish the standard of care in a medical negligence claim, expert testimony is mandated unless clearly obvious to a lay person. See Sheeley v. Memorial Hospital, 710 A.2d 161 (R.I. 1998) (expert testimony is essential requirement to prove standard of care); Sousa v. Chaset, 519 A.2d 1132 (R.I. 1987) (departure from standard of care requires expert testimony unless clearly obvious to lay person). The expert must measure the care that was administered against the degree of care and skill ordinarily employed in like cases by physicians in good standing engaged in the same type of practice in similar localities. Richardson v. Fuchs, 523 A.2d 445, 448 (R.I., 1987) (citations omitted). The expert must explain what proper procedures and alternatives are available to a physician and why the procedures followed by the defendant physician were negligent, and not legitimate, alternatives. Sousa v. Chaset, 519 A.2d 1132, 1135 (R.I. 1987)

The applicable standard of review requires expert testimony as to the standard of care for healthcare providers under similar circumstances in the same type of practice. Richardson, 523 A.2d at 448. Here, this requires expert testimony as to the standard of care of prison medical personnel who are faced with vastly different patients under vastly different circumstances than a general practitioner. *See* DesRosiers v. Moran, 949 F.2d 15, 19 (when evaluating the quality of medical care in an institutional setting, courts must fairly weigh the practical constraints facing prison officials).

Plaintiff has failed to disclose a single expert witness upon whom he intends to rely in support of his allegations of medical negligence. Similarly, Plaintiff has failed to timely identify a single expert witness who will testify as to the standard of care applicable to the various issues which have been alleged. Pursuant to the Pretrial Order entered in this matter, expert disclosures were to be made by the parties by May 2, 2008. This defendant timely submitted his expert disclosure, as required by the Court; however, Mr. Pladsen has failed to do so. *See Exhibit B, Dr. Poshkus' Expert Report and Disclosure*. In fact, Plaintiff has presented absolutely no evidence as to the standard of care in Rhode Island as a whole, let alone evidence as to the standard of care in the correctional setting.

Further, none of the allegations present claims of malpractice that would be obvious to a layman.[2] Thus, because Plaintiff has offered no expert evidence on the standards of care from which he claims this defendant deviated, Summary Judgment properly should be granted as to Plaintiff's medical negligence claims.

---

[2] That is, a layman would not be able to determine the appropriateness of the mental health care provided to the Plaintiff. Nor would a layperson be able to assess what medications the Plaintiff should have been prescribed or the amount and timing of those medications. Further, in the absence of expert testimony, a layman could not assess whether the treatment of the Plaintiff was consistent with the applicable medical standards of care.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Dr. M. Poshkus respectfully submits that there are no genuine issues of material fact and no evidence supporting Plaintiff's claims against him. Therefore, this defendant respectfully moves this Honorable Court to grant Summary Judgment in his favor.

Defendant, Dr. M. Poshkus
By his attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

## <u>CERTIFICATION</u>

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 12th day of May, 2008, to the following:

***<u>Legal Mail/Confidential</u>***
Mr. Kenneth N. Pladsen, Jr., #1114353
I.M.C.C.
P. O. Box A
Oakdale, IA 52319

***<u>Legal Mail/Confidential</u>***
Mr. Kenneth N. Pladsen, Jr., #131420
2749 Elson Green Avenue
Virginia Beach, VA 23456

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)

I hereby certify that on this 12th day of May, 2008 the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
Department of Corrections
40 Howard Avenue
Cranston, RI 02920

Thomas A. Palombo, Esquire
Attorney General's Office
150 South Main Street
Providence, RI 02903

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)

*MemorandumSummaryJudgment.05.09.08.doc*