**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KENNETH N. PLADSEN, JR.** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-323S** |
| | : | |
| **DIRECTOR A.T. WALL;** | : | |
| **WARDEN JAMES WEEDEN;** | : | |
| **DEPUTY WARDEN , D. COLLINS;** | : | |
| **JOSEPH DINITTO; JAKE GADSEN;** | : | |
| **LIEUTENANT GALLIGAN;** | : | |
| **ROBERT HOLLAND;** | : | |
| **CORRECTIONAL OFFICER PIZZO;** | : | |
| **K-9 CORRECTIONAL OFFICER JOHN DOE;** | : | |
| **FREDRIC FRIEDMAN;** | : | |
| **DR. M. POSHKUS; DR. M. BAUERMEISTER;** | : | |
| **DR. LOWELL McROBERTS;** | : | |
| **NANCY HILL, R.N.; PAULINE MARCUSSEN** | : | |

**DEFENDANT DR. M. POSHKUS' REQUEST**
**FOR PRODUCTION OF DOCUMENTS PROPOUNDED**
**TO PLAINTIFF KENNETH N. PLADSEN, JR.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Dr. M. Poshkus (sometimes hereinafter referred to as "this defendant") requests that plaintiff Kenneth N. Pladsen, Jr. produce for inspection and copying, at the law offices of Ratcliffe Burke Harten & Elias, LLP, 1600 Financial Plaza, Providence, Rhode Island, 02903, within thirty (30) days, true and accurate copies of each of the following documents and/or items:

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:** Any and all medical records, including mental health records, bills and reports, of whatever nature and kind, including, but not limited to, office notes, correspondence, x-rays and radiology studies, laboratory and other diagnostic test results, from

any and all physicians, hospitals, or other health care providers or facilities whose services are alleged to have been required by plaintiff Kenneth N. Pladsen, Jr., as a result of the alleged incidents described in plaintiff's Complaint.

**REQUEST NO. 2:** Any and all medical records, including mental health records, bills and reports of whatever nature and kind, including, but not limited to, office notes, correspondence, x-rays and radiology studies, laboratory and other diagnostic test results, from any and all physicians, hospitals and health care providers or facilities with whom plaintiff Kenneth N. Pladsen, Jr. has sought and received medical care, treatment, evaluation or consultation for the period consisting of ten (10) years prior to the incidents alleged in plaintiff's Complaint, up to and including the present date and continuing.

**REQUEST NO. 3:** Any and all pharmacy records, relating to prescriptions for medications prescribed to plaintiff Kenneth N. Pladsen, Jr. during the ten (10) years prior to the incidents alleged in plaintiff's Complaint, up to and including the present date and continuing.

**REQUEST NO. 4:** Any and all records, from the Connecticut Department of Corrections and/or the Rhode Island Department of Corrections, which relate to medications prescribed to plaintiff Kenneth N. Pladsen, Jr. during his incarcerations with such departments.

**REQUEST NO. 5:** Any and all medical records, including mental health records, bills and reports of whatever nature and kind, including, but not limited to, office notes, correspondence, x-rays and radiology studies, laboratory and other diagnostic test results, from

Patrick Fox, M.D., including but not limited to, any records relating to plaintiff's alleged diagnosis of schizophrenia, up to and including the present date and continuing.

**REQUEST NO. 6:** Any and all documents, including medical records or reports, office notes, radiology reports, laboratory and other diagnostic studies and test results, correspondence, and the like, which concern or relate to plaintiff's injuries allegedly caused by this defendant.

**REQUEST NO. 7:** Any and all photographs, videographs, movies and other pictorial representations in plaintiff's possession, custody or control, which depict the damages or injuries claimed by plaintiff to have been caused by this defendant.

**REQUEST NO. 8:** Any and all written statements of any kind or nature, regarding the incidents which are the subject of the Complaint, taken of, or from this defendant, that are in the possession, custody, or control of plaintiff, or anyone acting on his behalf or with his knowledge.

**REQUEST NO. 9:** Any and all diagrams, drawings, photographs, radiographs, pictorial representations, movies, videotapes, illustrations, graphic enlargements, or the like, which plaintiff Kenneth N. Pladsen, Jr. intends to introduce or use at trial to prove or establish any of the elements of his claims against this defendant, which are the subject of the Complaint.

**REQUEST NO. 10:** Any and all diaries, chronologies, journals, calendars, logs, or the like, prepared by plaintiff Kenneth N. Pladsen, Jr. or on his behalf, which describe any of the

circumstances leading up to, during, or following any of the incidents alleged in plaintiff's Complaint.

**REQUEST NO. 11:** An exact and complete duplicate copy of plaintiff Kenneth N. Pladsen, Jr.'s Rhode Island Department of Corrections file.

**REQUEST NO. 12:** An exact and complete duplicate copy of plaintiff Kenneth N. Pladsen, Jr.'s Connecticut Department of Corrections file.

**REQUEST NO. 13:** An exact and complete duplicate copy of all of plaintiff Kenneth N. Pladsen, Jr.'s criminal records.

**REQUEST NO. 14:** Any and all documents, records, correspondence, or the like, relating to plaintiff's transfer from the Connecticut Department of Corrections to the Rhode Island Department of Corrections, in or around June of 2006.

**REQUEST NO. 15:** Any and all correspondence, written communication, letters, notes, e-mail and documents of any kind, other than those which are lawfully protected from disclosure, written to or from plaintiff, which in any way relate to the incidents alleged in plaintiff's Complaint, including, but not limited to, requests for medical attention.

**REQUEST NO. 16:** Any and all documents which plaintiff alleges gave, or should have given, this defendant constructive or actual knowledge of the allegations in plaintiff's Complaint.

**REQUEST NO. 17:** Any and all documents, which relate to plaintiff's alleged classification of "S.M.I." or "Severe Mental Illness", by the Connecticut Department of Corrections, as referenced in the Complaint.

**REQUEST NO. 18:** Any and all documents, which the plaintiff is referring to when he references, in the Complaint, his "long and extensively documented history of severe mental illness."

**REQUEST NO. 19:** Any and all medical request slips, which plaintiff alleges he submitted or which were submitted on his behalf, while plaintiff was in the custody of the Rhode Island Department of Corrections.

**REQUEST NO. 20:** Any and all grievance requests, which plaintiff submitted or which were submitted on his behalf, while plaintiff was in the custody of the Rhode Island Department of Corrections.

**REQUEST NO. 21:** Any and all documents, evidencing any warnings not to discontinue plaintiff's medications, which plaintiff alleges were given by the Connecticut Department of Corrections to the Rhode Island Department of Corrections, as referenced in the Complaint.

**REQUEST NO. 22:** Any and all articles, treatises, journals, rules, regulations, policies, guidelines, or the like, which plaintiff intends to introduce, use, or rely on at trial to prove or establish any of the allegations against this defendant, which are the subject of this litigation.

**REQUEST NO. 23:** Any and all *curricula vitae* of expert witnesses with whom plaintiff or his representatives have consulted, or whom plaintiff intends to call or may call at the trial of this matter.

**REQUEST NO. 24:** Any and all documents of any kind, which plaintiff or his representatives have received from any expert witness with whom plaintiff has consulted, or whom plaintiff intends to call as an expert witness at the trial of this matter.

**REQUEST NO. 25:** A list of any and all witnesses whom plaintiff intends or expects to have testify at the trial of this matter, and for each person state their name, address, telephone number and the subject matter about which they are expected to testify.

**REQUEST NO. 26:** Any and all exhibits plaintiff intends or expects to use or rely on at the trial of this matter.

**REQUEST NO. 27:** Any and all tape recordings, and transcription of same, which in any way relate to any of the allegations which are the subject of this litigation.

**REQUEST NO. 28:** Any and all documents, other than those above requested, relating in any way to plaintiff's claims against this defendant.

**REQUEST NO. 29:** Any and all documents, other than those above requested, identified or used by plaintiff in answering this defendant's interrogatories.

Defendant, Dr. M. Poshkus,
By his attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 14th day of November, 2007, to the following:

***Legal Mail/Confidential***

Mr. Kenneth N. Pladsen, Jr.
#131420
2749 Elson Green Avenue
Virginia Beach, VA 23456

Michael B. Grant, Esquire
Department of Corrections
40 Howard Avenue
Cranston, RI 02920

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KENNETH N. PLADSEN, JR.** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-323S** |
| | : | |
| **DIRECTOR A.T. WALL;** | : | |
| **WARDEN JAMES WEEDEN;** | : | |
| **DEPUTY WARDEN , D. COLLINS;** | : | |
| **JOSEPH DINITTO; JAKE GADSEN;** | : | |
| **LIEUTENANT GALLIGAN;** | : | |
| **ROBERT HOLLAND;** | : | |
| **CORRECTIONAL OFFICER PIZZO;** | : | |
| **K-9 CORRECTIONAL OFFICER JOHN DOE;** | : | |
| **FREDRIC FRIEDMAN;** | : | |
| **DR. M. POSHKUS; DR. M. BAUERMEISTER;** | : | |
| **DR. LOWELL McROBERTS;** | : | |
| **NANCY HILL, R.N.; PAULINE MARCUSSEN** | : | |

**DEFENDANT DR. M. POSHKUS' INTERROGATORIES
PROPOUNDED TO PLAINTIFF KENNETH N. PLADSEN, JR.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Dr. M. Poshkus (hereinafter sometimes referred to as "this defendant") requests that plaintiff Kenneth N. Pladsen, Jr. answer each of the within interrogatories, separately and fully, in writing and under oath, within thirty (30) days of service.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Please state your full name and any other names you have been known by, your present home address and your address at the time of the incident referred to in the Complaint, your educational background (listing all schools attended), your occupational background, business address, date of birth, driver's license number, present

marital status, dates of each marriage and divorce (if applicable), name and present addresses of all spouses, and names and dates of birth of all children.

**INTERROGATORY NO. 2:** Please describe and explain, in detail, any and all injuries, whether physical, mental or emotional, you have allegedly suffered as referenced throughout your Complaint, including in your description and explanation for each such injury, the following:

a) Whether such injury was diagnosed by a medical professional and, if so, identify, by name and address, such medical professional and the date of such diagnosis;

b) Whether you believe such injury is permanent in nature and, if so, state the factual basis for such belief;

c) Identify and describe all documents or other tangible things relating to or containing information about such injury; and

d) Itemize in chronological order the nature and amount of each item of injury or damage you are claiming.

**INTERROGATORY NO. 3:** With respect to the claims in your Complaint, state whether or not you are alleging that this defendant violated 42 U.S.C. § 1983, and if you are alleging that he did, state the factual basis for such allegation, and provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegation and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation.

**<u>INTERROGATORY NO. 4</u>:** With respect to the claims in your Complaint, state whether or not you are alleging this defendant violated your civil and/or constitutional rights, including, but not limited to, your rights protected by the Eighth Amendment and the Fourteenth Amendment, and if you are alleging that he did, then state of what specific rights he deprived you, indicating the factual basis for each such allegation, and provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each of your allegations and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation.

**<u>INTERROGATORY NO. 5</u>:** With respect to the claims in your Complaint, state whether or not you are alleging this defendant violated your rights under the Americans with Disabilities Act, and if you are alleging that he did, then state of what specific rights he deprived you, indicating the factual basis for each such allegation, and provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each of your allegations and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation.

**<u>INTERROGATORY NO. 6</u>:** With respect to the claims in your Complaint, state whether or not you are alleging that this defendant was negligent and, if you are alleging that he was, then state the factual basis for the allegation and for each such allegation, provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegation and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each allegation.

**INTERROGATORY NO. 7:** With respect to the claims in your Complaint, state whether or not you are alleging that this defendant committed medical malpractice and, if you are alleging that he did, then state the factual basis for the allegation and for each such allegation, provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegation and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each allegation.

**INTERROGATORY NO. 8:** With respect to the claims in your Complaint, state whether or not you are alleging that this defendant committed the torts of assault and/or battery and, if you are alleging that he did, then state the factual basis for the allegation and for each such allegation, provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegation and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each allegation.

**INTERROGATORY NO. 9:** With respect to the claims in your Complaint, state whether or not you are alleging that this defendant knew or should have known about the severe

mental illness, which you are alleged to be suffering from and, if you are alleging that he did know or should have known, then state the factual basis for such allegation and provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegations and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation.

**INTERROGATORY NO. 10:** Identify by name and address each person, including this or any other defendant, whom you claim to have informed about the severe mental illness, which you are alleged to be suffering from. If you are alleging that you did so inform any persons, then state the factual basis for the allegation and for each such allegation, provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of such allegation and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation.

**INTERROGATORY NO. 11:** With respect to the allegations in your Complaint, state whether or not you are alleging that the alleged negligence of this defendant directly and proximately caused your injuries, and, if you are alleging that it did, then state the factual basis for the allegation and provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of such allegation and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation.

**INTERROGATORY NO. 12:** With respect to allegations in your Complaint, state whether or not you are alleging that this defendant was responsible for the supervision or monitoring of any person responsible for the injuries or damages you claim, including any other defendant, and if so, then state the factual basis for each such allegation and provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegation and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation.

**INTERROGATORY NO. 13:** With respect to the claims in your Complaint, state whether or not you are alleging that this defendant acted in concert with any other defendant, and if so, then state the factual basis for such allegation, and for each such allegation, provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegation and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation.

**INTERROGATORY NO. 14:** State the factual basis for the following allegation contained in your Complaint: "Prior to transferring the plaintiff to R.I. D.O.C. per an out of state transfer under the interstate compact agreement, R.I. D.O.C. and defendants were well aware of

the special needs, housing, treatment, medication, and the plaintiffs history of suicidal acts and severe self mutilation." With respect to such allegation, provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegations and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation.

**INTERROGATORY NO. 15:** If you allege that this defendant at any time made any statement or made admission against this defendant's interest, written or oral, which relate to the subject matter of this litigation, then please set forth the following information: the time and place of each such statement or admission, how each such statement or admission was made, to whom each such statement or admission was made, and identify all persons believed by you to be present or having knowledge pertaining thereto.

**INTERROGATORY NO. 16:** State whether you have previously engaged the act of self-mutilation, whether prior to, or subsequent to, the incident referenced in your Complaint, and for each such act, state the date on which it occurred and whether, at the time of the act, you were taking any prescription medications.

**INTERROGATORY NO. 17:** Identify each and every diary, journal, calendar, log, chronology or other writing prepared by you, or on your behalf, which in any way describes your alleged injuries or damages or the circumstances surrounding the incidents described in your Complaint.

**<u>INTERROGATORY NO. 18:</u>** Identify by name and address and field of specialty each and every health care provider, including mental health care providers, with whom you have treated, consulted, or been examined for any injury or damage allegedly sustained by reason of the incident described in your Complaint, and for each such provider, specify the dates of every treatment, consultation or examination.

**<u>INTERROGATORY NO. 19</u>:** Identify by name and address and field of specialty each and every health care provider, including mental health care providers, with whom you have treated or have consulted or by whom you have been examined, for a period of ten (10) years prior to the incident described in your Complaint up to the present date and continuing, and for each health care provider, state the address at which, and the dates on which, you received services or treatment.

**<u>INTERROGATORY NO. 20</u>:** State the name of each medication that has been prescribed to you for the previous ten (10) years, up to the present and continuing, and for each medication, please state the dates in which it was prescribed to you and, to the best of your knowledge, why it was prescribed to you.

**<u>INTERROGATORY NO. 21:</u>** If you have ever filed a lawsuit or asserted a claim because of any injury or damage allegedly sustained, then state when, where, and against whom such a claim was asserted, the nature of the injury, illness, or disability for which it was asserted, and the disposition of the lawsuit or claim. If a lawsuit was filed, then identify the lawsuit by name and identify the Court in which suit was brought, providing a brief account of the

circumstances thereof, the name and address of each party and insurer, if any, against whom a claim was made or lawsuit was brought, and if the claim or lawsuit has been settled, please identify any settlement monies paid as a result thereof.

**INTERROGATORY NO. 22:** State the time, place, and substance of any conversation which you had, or which any person acting on your behalf had, with each defendant, including this defendant, or anyone acting on their behalf, which in any way relates to the proof you intend to offer in connection with the allegations contained in your Complaint.

**INTERROGATORY NO. 23:** State whether or not you have knowledge of any statement, voice recordings, reports, or other transcriptions of any kind given by witnesses or individuals having knowledge concerning the subject matter of this Complaint, and with respect to each, identify the person giving it, the person taking it, and the person having present custody of it, and state the dates when each was taken.

**INTERROGATORY NO. 24:** Give an itemized statement, and identify each provider, of the expenses, if any, which you have incurred or which you claim you will incur as a result of the incidents described in your Complaint and, as to those expenses which have been incurred, the date or dates when each was rendered or supplied, the charge for each, and please identify which expenses have been paid or reimbursed in part or in full by a third-party payor.

**INTERROGATORY NO. 25:** State whether or not you have ever been charged with, plead *nolo contendere* or guilty to, or have been convicted of any criminal offenses, including

traffic violations, and if so, please state the nature of the charges, the dates you were charged, the Court in which your cases were handled, and the disposition of each case.

**INTERROGATORY NO. 26:** State the criminal offense or offenses that are the basis for your current incarceration and the incarceration, which is the subject of your Complaint.

**INTERROGATORY NO. 27:** State the circumstances surrounding, and the reasons for your transfer from the Connecticut Department of Corrections to the Rhode Island Department of Corrections, in or around June of 2006.

**INTERROGATORY NO. 28:** Identify each person whom you expect to call as an expert witness at the trial in this matter, stating as to each person:

a) Full name, home address, business address, and occupation;

b) A description of the specialized field in which it is claimed that said expert will qualify as an expert in this case;

c) The subject matter or area in which such person is to testify;

d) The substance of the facts and opinions of which said person is to testify;

e) A summary of the grounds for each such opinion; and

f) The qualifications of each such person.

**INTERROGATORY NO. 29:** Identify each person whom you expect to call as a witness at the trial in this matter, stating as to each person:

a) Their full name, home address, business address, and occupation;

b) The subject matter or area about which such person is to testify; and

c) A brief summary of the expected testimony.

Interrogatory 30 [RESERVED]

Defendant, Dr. M. Poshkus,
By his attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 14th day of November, 2007, to the following:

***Legal Mail/Confidential***

Mr. Kenneth N. Pladsen, Jr.
#131420
2749 Elson Green Avenue
Virginia Beach, VA 23456

Michael B. Grant, Esquire
Department of Corrections
40 Howard Avenue
Cranston, RI 02920

*Interrogatories*