**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**KENNETH N. PLADSEN, JR.**

**v.** **C.A. NO. 07-323 S**

**A.T. WALL, ET AL.**

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Kenneth N. Pladsen, Jr., *pro se*, is a former inmate at the Adult Correctional Institutions in Cranston, Rhode Island (the "ACI") who was transferred to a penitentiary in Iowa. Plaintiff filed a complaint on August 28, 2007 against A.T. Wall, the Director of the Rhode Island Department of Corrections, and various staff at the ACI (together, the "State Defendants"), as well as Dr. Michael Poshkus (Docket # 1). Plaintiff alleges federal and state law violations related to his medical treatment while at the ACI.

Presently before the Court are motions to dismiss filed by the State Defendants (Docket # 20) and Dr. Poshkus (Docket # 21), respectively. Defendants urge dismissal pursuant to Rule 37(b) of the Federal Rules of Civil Procedure (the "Federal Rules") for Plaintiff's failure to comply with a Court Order to respond to discovery requests as well as for Plaintiff's general failure to prosecute this action. Plaintiff has not objected to either of these motions. These matters have been referred to me for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons that follow, I recommend that both motions to dismiss be GRANTED and Plaintiff's federal claims be DISMISSED with prejudice and state pendant claims be DISMISSED without prejudice for lack of jurisdiction.

## DISCUSSION

### I. POSTURE OF THE CASE

Since filing his complaint in August 2007, Plaintiff has had only two contacts with the Court in this case. On February 15, 2008, in reaction to motions to compel responses to discovery requests filed by Dr. Poshkus (Dockets # 5 & # 6), Plaintiff filed a motion for an extension of time to file responses (Docket # 9). At that time he requested a 90-day extension, explaining that he had been transferred to Iowa without his legal papers and needed time to obtain the information required to respond to the discovery requests. Additionally, Plaintiff attended a telephonic Rule 16 Conference held on February 26, 2008.

However, Plaintiff has been silent with respect to this case since the Rule 16 Conference, despite numerous actions calling for responses on his part. Specifically, since the Rule 16 Conference, Plaintiff has failed to:

(1) comply with a Court Order extending Plaintiff's time to respond to discovery requests and requiring such responses by March 17, 2008 (Docket # 12);

(2) respond to motions filed on March 25, 2008 by the State Defendants to compel Plaintiff's response to discovery requests and extend the discovery deadlines set forth in the Pretrial Scheduling Order (Dockets # 15 & # 16);

(3) respond to the State Defendants' renewed motion to compel Plaintiff's response to discovery requests filed on April 10, 2008 (Docket # 17);

(4) comply with a Court Order granting the State Defendants' motions to compel and requiring responses by April 24, 2008 (Docket # 18);

(5) request a modification of the Pretrial Order which requires the completion of discovery of facts by April 28, 2008 and experts by May 2, 2008; or

(6) respond to the motions to dismiss filed by the State Defendants and Dr. Poshkus on April 30, 2008.

## II. FAILURE TO COMPLY AND FAILURE TO PROSECUTE

Federal Rule 37 provides a court in which an action is pending with discretion to impose sanctions, including dismissal of the action, if a litigant fails to comply with a court order. Fed.R.Civ.P. 37. Additionally, under Federal Rule 41(b), a court may dismiss an action if the plaintiff fails to prosecute or comply with the Federal Rules. Fed.R.Civ.P. 41(b). Dismissals pursuant to Rule 41(b) are considered on the merits unless the dismissal order specifically states otherwise. *Id.*

Here Plaintiff failed to respond to Defendants' discovery requests and two Court Orders requiring his response. Since filing an initial motion in February 2008 seeking additional time to respond to Dr. Poshkus's discovery requests, Plaintiff has failed to object to, or request any further extensions of time to respond to, Defendants' motions to compel discovery. Additionally, Plaintiff has failed to engage in discovery or request additional time to do so even though the time for both fact and expert discovery as set forth in the amended Pretrial Order expired over three months ago. Importantly, Plaintiff has also failed to object to, or request more time to respond to, Defendants' motions to dismiss this case.

Although dismissal of an action is an extreme penalty, here I find that Plaintiff's utter failure to comply with Court Orders or prosecute this case warrant dismissal of this action. Such dismissal is particularly appropriate in light of the Plaintiff's failure to respond to Defendants' motions to dismiss despite the obvious consequences raised thereby. *See, e.g., Angulo-Alvarez v. Aponte de la Torre,* 170 F.3d 246 (1st Cir. 1999)(dismissal with prejudice warranted, even without first applying lesser sanctions, for noncompliance with court orders); *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 648-49 (1st Cir. 1990)(dismissal with prejudice appropriate where plaintiff's three-month inaction and disobedience of court orders exhibited their "lack of interest

in vindicating whatever rights they might have had")(internal quotes omitted). Further, although some degree of leniency should be afforded to a *pro se* plaintiff, *pro se* status does not absolve a plaintiff from complying with the Federal Rules or court orders. *See*, *e.g., Federal Deposit Ins. Corp. v. Anchor Properties,* 13 F.3d27, 31 (1st Cir. 1994). Additionally, no complex legal obstacles were present here; Plaintiff should have been able to comply with the Court Orders to respond to discovery requests, object to Defendants' motions or request extensions of time.

**CONCLUSION**

Accordingly, with respect to the federal claims, I recommend that the motions to dismiss filed by the State Defendants and Dr. Poshkus be GRANTED and the federal claims be DISMISSED with prejudice. Additionally, having recommended that the federal claims be dismissed, I further recommend that the pendent state claims be DISMISSED without prejudice for want of jurisdiction. *See Figueroa Ruiz,* 896 F.2d at 650 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)) (since the federal claims were dismissed with prejudice for lack of prosecution and disregard of court order, "the preferable course [was] to dismiss the pendent claims without prejudice for want of jurisdiction").

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
Date: 16 Aug 2008